UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN MAHER, | ) |
| | ) |
|       **Plaintiff**, | ) |
| v. | )    No.: 21-cv-4144-MMM |
| | ) |
| 14th JUDICIAL CIRCUIT, et al., | ) |
| | ) |
|       **Defendants**. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and held at the Rock Island County Jail, pursues a § 1983 action alleging a variety of claims, including that he has been held too long in custody, in violation of the Eighth Amendment. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a disjointed and incomprehensible complaint, alleging a variety of poorly explained claims which occurred from 2017 through 2021, and involve the Rock Island County Jail, the Vienna Correctional Center, and the Stateville NRC. Plaintiff alleges that he had been criminally charged in two cases 15-CF-00935 and 17-CF-00888. While out on bond, he was arrested on drug charges and believes there was no probable cause for the arrest. On July 12,

2018, Plaintiff entered into a negotiated plea in the two cases and was sentenced to three years on each, with the terms to run concurrently with credit for time served.

Plaintiff alleges that he received credit for time served on one case but not the other, without revealing the credit he should have received and the amount of time served. Plaintiff claims that he served 277 days and should have been released in "April". While one would assume Plaintiff refers to April of 2021, which would be slightly less than the three-year sentence, Plaintiff claims that he filed an April 2019 habeas petition seeking his immediate release. Plaintiff claims that he received no response and filed a successive petition in May 2019. He pleads that he "got a positive response, it seemed in Johnson County when they at least responded and charge me $30 in December only to be summarily dismissed without prejudice…" Plaintiff claims without explanation or facts in support, that he has now been held in custody 13 months beyond his out-date.

Plaintiff reveals that he has a disability as he has bipolar disorder and PTSD as well as anxiety and depression. He does not, however, assert that any Defendant failed to address or treat these conditions. Plaintiff also complains that he has had kidney stones, and a tooth extraction "gone wrong." He alleges that on an unidentified date while at Vienna, he was "violated at the door for no host site." Plaintiff goes on to claim that he was subsequently released to the "Rush Psyche Ward" after sleeping in the alley after having a few beers on the train. Plaintiff also claims, without pleading sufficient facts, that he was reincarcerated for defending himself against would-be assassins.

The Court can make no sense of this complaint. For the most part Plaintiff does not indicate the dates on which these events occurred, the facility at which they occurred, or those whom he holds liable. Plaintiff's claim that he has been held too long in custody cannot be

properly evaluated where he claims to have been held 13 months too long after serving 277 days of a three-year sentence. In addition, Plaintiff's complaint is likely barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* prohibits a § 1983 claim for money damages if a judgment in plaintiff's favor would necessarily imply the invalidity of that conviction or sentence. The *Heck* bar applies "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Here, Plaintiff clearly asserts that his sentence is incorrect and, further, reveals that his habeas petition has been denied. It would appear that Plaintiff's proper recourse is to attempt to invalidate his confinement in a habeas proceeding, pursuing all possible appeals or other remedies available in the state court system before filing a habeas petition in federal court. 28 U.S.C. § 2254; *Heck*, 512 U.S. at 487.

Plaintiff's remaining allegations are too woefully inadequate to state a claim. Plaintiff will be given leave to replead but is placed on notice that he may not plead unrelated claims in one complaint. It is unlikely that his claims arising at the Rock Island County Jail are related to his claims at Vienna and Stateville. Plaintiff is also placed on notice that he cannot proceed against the Fourteenth Judicial Circuit, and the Vienna and Stateville Correctional Centers as these are not "persons" amenable to suit under §1983. *See Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013) (Illinois Department of Corrections and prisons are "not proper defendants under 42 U.S.C. §1983 because they are not 'person[s]' as that term is used in the statute."); *Maier v. Wood County Courthouse*, No. 07-580, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007) (prisons and courthouses are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them.)

3

Lastly, Plaintiff is cautioned that he must write clearly. The handwriting in the complaint is sloppy and difficult to read. In addition, Plaintiff writes cryptic notes in the margins which do little to illuminate the body of the text.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights and is to follow the instructions given by the Court.

2. Plaintiff files [8] a motion for recruitment of *pro bono* counsel but does not document efforts to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [8] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. Plaintiff's [9], motion for status is rendered MOOT by this order.

  1/3/2022  
DATE

                                        s/Michael M. Mihm  
                                        MICHAEL M. MIHM  
                              UNITED STATES DISTRICT JUDGE